IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA WILLIAMS on behalf of herself and all others similarly situated,<br><br>      Plaintiff.<br>v.<br><br>LIVE WELL FINANCIAL, INC,<br><br>      Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Monica Williams ("Plaintiff") alleges on her own behalf and on behalf of a putative class of similarly situated former employees of Live Well Financial, Inc. ("Defendant" or "Live Well") as follows:

**NATURE OF THE ACTION**

1. The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about May 3, 2019 and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq. and the California Labor Code ("Lab. Code") § 1400 et. seq. ("CAL-WARN Act").

2. Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104 and Lab. Code § 1402, from Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. The violation of the WARN Act alleged herein occurred in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff Monica Williams was employed by Defendant, as a Loan Account Manager and worked at the Defendant's facility located at 1011 Boulder Springs Parkway, Suite 420, Richmond, Virginia ("Headquarters Facility") until her termination on or about May 3, 2019.

7. Plaintiff was terminated without cause.

8. Plaintiff was terminated without 60 days' written notice.

9. Along with Plaintiff, hundreds of other employees of Defendant who worked at, reported to, or received assignments from the Headquarters Facility in Virginia ("Headquarters Facility"), or were associated with its facility located at 3655 Nobel Drive, Suite 250, San Diego, California, ("San Diego Facility", and collectively, the "Facilities") were terminated on or about May 3, 2019.

### *Defendant*

10. Upon information and belief at all relevant times, Defendant maintained and operated its business at the Facilities.

11. Upon information and belief and at all relevant times, Defendant is a Delaware corporation with its principal place of business located at the Headquarters Facility and conducted business in this district.

12. Until on or about May 3, 2019, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to its Facilities.

13. Upon information and belief, the Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

14. Defendant did not provide Plaintiff or the similarly situated employees with 60 days' notice of their terminations.

## FEDERAL WARN CLASS ALLEGATIONS

15. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 et seq., individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Facilities and were terminated without cause on or about May 3, 2019 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 3, 2019, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 125 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendant's books and records.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to the Facilities;

(b) whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

(c) whether Defendant's unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

20. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to one of the Facilities and was terminated without cause on or about May 3, 2019 due to the mass layoffs and/or plant closings ordered by Defendant.

21. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

22. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

23. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Lab. Code § 1401 et seq.**

26. Plaintiff also brings a claim for Relief for violation of Lab. Code § 1401 on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Fed. R. Civ. P. Rule 23(a) and (b)(3), who worked at, reported to, or received assignments from Defendant's San Diego Facility and were terminated without cause beginning on or about May 3, 2019 (the "Cal-WARN Class").

27. The persons in the Cal-WARN Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28. On information and belief, the identity of the members of the class and the recent residence address of each member of the Cal-WARN Class is contained in the books and records of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid by Defendant to each member of the Cal-WARN Class at the time of his/her termination is contained in the books and records of Defendant.

30. Common questions of law and fact exist as to members of the Cal-WARN Class, including, but not limited to, the following:

    (a) whether the members of the Cal-WARN Class were employees of the Defendant;

    (b) whether Defendant unlawfully terminated the employment of the members of the Cal-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the Cal-WARN Act; and

(c) whether Defendant unlawfully failed to pay the Cal-WARN Class members 60 days wages and benefits as required by the Cal-WARN Act.

31. Plaintiff's claims are typical of those of the Cal-WARN Class. The Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from the Facilities and was terminated on or about May 3, 2019, due to the terminations ordered by Defendant.

32. Plaintiff will fairly and adequately protect the interests of the Cal-WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the Cal-WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

33. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Cal-WARN Class predominate over any questions affecting only individual members of the Cal-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of Cal-WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Cal-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the Cal-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the Cal-WARN Act rights of all the members of the Class.

35. Plaintiff intends to send notice to all members of the Cal-WARN Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION (FEDERAL WARN ACT)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

39. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

40. On or about May 3, 2019, the Defendant ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

41. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty–three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

42. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

43. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

44. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

45. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

46. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

47. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

48. The relief sought in this proceeding is predominately equitable in nature.

### SECOND CAUSE OF ACTION
### VIOLATION OF CALFORNIA LAB. CODE, § 1400 *et. seq.*

49. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

50. Plaintiff brings the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about May 3, 2019 and thereafter (the "CAL-WARN Class").

51. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary." Upon information and belief, Defendant is the employer of the Cal-WARN Class as that term is defined by Lab. Code § 1400(b) because it directly or indirectly owned and operated at least one covered establishment.

52. Defendant violated Cal-WARN by terminating the employment of similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about May 3, 2019 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

53. As a result of Defendant's violation of Lab. Code § 1401, Plaintiff and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

54. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Lab. Code § 1404.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b),  29 U.S.C. § 2104(a)(5), and California Labor Code § 1404, Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and California Labor Code § 1402(a);

E. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), as well as by California Labor Code § 218.5 and any other applicable state law providing for attorneys' fees;

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated:  May 8, 2019

Respectfully submitted,

By:   /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801

11

                                      Telephone: (302) 654-0248
                                      Facsimile: (302) 654-0728
                                      E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner (pro hac vice forthcoming)
René S. Roupinian (pro hac vice forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Email: rsr@outtengolden.com
Email: jar@outtengolden.com

*Attorneys for Plaintiff and the putative Class*