# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA WILLIAMS on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>LIVE WELL FINANCIAL, INC.,<br><br>    Defendant. | Civil Action No. 1:19-cv-00868-UNA |

## ANSWER

Defendant Live Well Financial, Inc. ("LWF"), by counsel, states as follows for its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff Monica Williams ("Plaintiff" or "Williams") on her own behalf and on behalf of a putative class of similarly situated former employees of LWF:

## NATURE OF THE ACTION

1. In regard to the allegations of Paragraph 1 of the Complaint, LWF admits that Plaintiff has brought this action under the WARN Act and the CAL-WARN Act, but denies that it has violated either law. LWF denies the remaining allegations of Paragraph 1.

2. In regard to the allegations of Paragraph 2 of the Complaint, LWF admits that Plaintiff seeks to recover 60 days of wages and benefits under the WARN Act and the CAL-WARN Act, but denies that Plaintiff, or any other person, is entitled to the relief sought. LWF denies the remaining allegations of Paragraph 2.

1

## JURISDICTION AND VENUE

3. The allegations of Paragraph 3 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

4. LWF denies the allegations of Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 of the Complaint set forth a conclusion of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

## THE PARTIES

6. LWF admits the allegations of Paragraph 6 of the Complaint.

7. LWF admits the allegations of Paragraph 7 of the Complaint.

8. LWF admits the allegations of Paragraph 8 of the Complaint, but denies that 60 days' written notice was required under the circumstances.

9. In regard to the allegations of Paragraph 9 of the Complaint, LWF admits that Plaintiff, along with other employees in Virginia and California, were terminated on May 3, 2019, but denies the remaining allegations of Paragraph 9.

10. In regard to the allegations of Paragraph 10 of the Complaint, LWF admits that it conducted business at the Facilities, but denies the remaining allegations of Paragraph 10.

11. LWF admits the allegations of Paragraph 11 of the Complaint.

12. LWF denies the allegations of Paragraph 12 of the Complaint.

13. In regard to the allegations of Paragraph 13 of the Complaint, LWF admits that it made the decision to terminate the employment of Plaintiff and certain other former employees, but denies the remaining allegations of Paragraph 13.

14.     In regard to the allegations of Paragraph 14 of the Complaint, LWF admits that it did not provide Plaintiff and certain other employees with 60 days' notice of their terminations, but denies that 60-days' written notice was required under the circumstances, and further denies the remaining allegations of Paragraph 14.

## FEDERAL WARN CLASS ALLEGATIONS

15.     In regard to the allegations of Paragraph 15 of the Complaint, LWF admits that Plaintiff attempts to bring a claim for alleged violation of 29 U.S.C. § 2101 et seq. on behalf of herself and other similarly situated former employees pursuant to Fed. R. Civ. P. 23(a) and (b) and 29 U.S.C. § 2104(a)(5), but denies that Plaintiff, or any other person, is entitled to the relief sought.

16.     LWF denies the allegations of Paragraph 16 of the Complaint.

17.     In regard to the allegations of Paragraph 17 of the Complaint, LWF admits that the identities and recent residence addresses of certain of its former employees may be contained in its books and records.

18.     In regard to the allegations of Paragraph 18 of the Complaint, LWF admits that the rate of pay and benefits for certain of its former employees may be contained in its books and records.

19.     The allegations of Paragraph 19 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

20.     In regard to the allegations of Paragraph 20 of the Complaint, LWF admits that Plaintiff and certain other employees in Virginia and California were terminated as of May 3, 2019. LWF further states that the remaining allegations of Paragraph 20 of the Complaint set

forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

21. The allegations of Paragraph 21 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

22. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. The allegations of Paragraph 23 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

24. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Lab. Code § 1401 et seq.**

26. In regard to the allegations of Paragraph 26 of the Complaint, LWF admits that Plaintiff attempts to bring a claim for alleged violation of Lab. Code § 1401 on behalf of herself and other similarly situated former employees pursuant to Fed. R. Civ. P. 23(a) and (b) and Lab. Code § 1404, but denies that Plaintiff, or any other person, is entitled to the relief sought.

27. LWF denies the allegations of Paragraph 27 of the Complaint.

28. In regard to the allegations of Paragraph 28 of the Complaint, LWF admits that the identities and recent residence addresses of certain of its former employees may be contained in its books and records.

29. In regard to the allegations of Paragraph 29 of the Complaint, LWF admits that the rate of pay and benefits for certain of its former employees may be contained in its books and records.

30. The allegations of Paragraph 30 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

31. In regard to the allegations of Paragraph 31 of the Complaint, LWF admits that Plaintiff and certain other employees in Virginia and California were terminated as of May 3, 2019. LWF further states that the remaining allegations of Paragraph 31 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

32. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33. The allegations of Paragraph 33 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

34. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35. LWF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

## FIRST CAUSE OF ACTION (FEDERAL WARN ACT)

36. In regard to the allegations of Paragraph 36 of the Complaint, LWF repeats, re-alleges and incorporates its responses contained in all preceding paragraphs of this Answer as though fully set forth herein.

37. LWF admits the allegations of Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

39. The allegations of Paragraph 39 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

40. The allegations of Paragraph 40 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

41. The allegations of Paragraph 41 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

42. In regard to the allegations of Paragraph 42 of the Complaint, LWF admits that Plaintiff and certain other employees in Virginia and California were terminated on May 3, 2019. LWF further states that the remaining allegations of Paragraph 42 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

43. The allegations of Paragraph 43 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

44. LWF denies the allegations of Paragraph 44 of the Complaint.

45. LWF denies the allegations of Paragraph 45 of the Complaint.

46. LWF denies the allegations of Paragraph 46 of the Complaint.

47. In regard to the allegations of Paragraph 47, LWF admits that it has not provided Plaintiff and certain other former employees in Virginia and California with additional compensation and benefits beyond that to which they were entitled as of their termination date, but denies that Plaintiff, or any other person, is or was entitled to any such additional compensation or benefits.

48. The allegations of Paragraph 48 of the Complaint set forth a conclusion of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

## SECOND CAUSE OF ACTION
## VIOLATION FO CALIFORNIA LAB. CODE § 1400 et. seq.

49. In regard to the allegations of Paragraph 49 of the Complaint, LWF repeats, re-alleges and incorporates its responses contained in all preceding paragraphs of this Answer as though fully set forth herein.

50. In regard to the allegations of Paragraph 50 of the Complaint, LWF admits that Plaintiff attempts to bring a claim for alleged violation of Lab. Code § 1401 on behalf of herself and other similarly situated former employees pursuant to Fed. R. Civ. P. 23(a) and (b) and Lab. Code § 1404, but denies that Plaintiff, or any other person, is entitled to the relief sought.

51. The allegations of Paragraph 51 of the Complaint set forth conclusions of law to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

52. In regard to the allegations of paragraph 52 of the Complaint, LWF admits that the terminations of Plaintiff and other employees in California on or about May 3, 2019 were not necessitated by a physical calamity or act of war. LWF denies the remaining allegations of Paragraph 52 of the Complaint.

53. LWF denies the allegations of Paragraph 53 of the Complaint.

54. LWF denies the allegations of Paragraph 54 of the Complaint.

**PRAYER FOR RELIEF**

55. In regard to the "WHEREFORE" Paragraph of the Complaint, including Sub-Paragraphs (A)-(G) thereof, LWF denies that Plaintiff or any other person is entitled to the relief sought or to any other relief whatsoever.

56. All allegations of the Complaint not expressly admitted herein are hereby denied.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

57. Plaintiff's Complaint fails to state claims upon which relief may be granted.

58. LWF at all times relevant acted in good faith and according to its commercially reasonable business judgment in regard to the termination of the employment of the Plaintiff and the purported class members.

59. The claims of Plaintiff and the purported class members under the First Cause of Action (Federal WARN Act) are barred by the faltering company exception to the 60-day notice requirement under 29 U.S.C. § 2102(b)(1) and 20 CFR 639.9(a).

60. The claims of Plaintiff and the purported class members under the First Cause of Action (Federal WARN Act) are barred by the unforeseeable business circumstances exception to the 60-day notice requirement under 29 U.S.C. § 2102(b)(2)(A) and 20 CFR 639.9(b).

61. The claims of Plaintiff and the purported class members under the Second Cause of Action (CAL-WARN Act) are barred by the exception to the 60-day notice requirement pursuant to Cal. Lab. Code § 1402.5.

62. The claims of Plaintiff and the purported class members are barred in whole or in part by the doctrines of setoff or recoupment to the extent that Plaintiff or the purported class members have received wages, unemployment compensation, benefits or other payments following their termination from LWF.

63. Plaintiff and the purported class members are not entitled to recover benefits under the Employee Retirement Income Security Act ("ERISA") to the extent they have failed to exhausted their administrative remedies or have otherwise failed to satisfy the requirements of ERISA.

64. The claims of Plaintiff and the purported class members are barred in whole or in to the extent that the Plaintiff or the purported class members have failed to mitigate their alleged damages.

65. Plaintiff's purported class includes employees who were excluded from the notice requirements of the WARN Act and the CAL-WARN Act, thus prohibiting such employees from recovering under either the WARN Act or the CAL-WARN Act.

66. Plaintiff is not an adequate representative of the purported class.

67. By alleging the affirmative and additional defenses set forth above, LWF does not assume the burden of proof on such defenses except as required by law with respect to the

particular defense asserted. All such defenses are pled in the alternative and do not constitute any admission of liability or that Plaintiff or the purported class members are entitled to any relief whatsoever.

68. LWF reserves the right to assert additional defenses as investigation continues.

WHEREFORE, LWF respectfully requests that the Court dismiss the Complaint with prejudice and award LWF its costs and attorney fees incurred herein, as well as such other and further relief as the Court deems equitable, just, and proper.

Dated: June 6, 2019                BAYARD, P.A.

OF COUNSEL:                */s/ Stephen B. Brauerman*
                                             Stephen B. Brauerman (No. 4952)
Andrew P. Sherrod             600 N. King Street, Suite 400
J. Benjamin English            Wilmington, DE 19899
Hirschler Fleischer              (302) 655-5000
The Edgeworth Building        sbrauerman@bayardlaw.com
2100 East Cary Street
P.O. Box 500                   *Attorneys for Defendant Live Well Financial, Inc.*
(804) 771-9500
asherrod@hirschlerlaw.com
benglish@hirschlerlaw.com